1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  FIDELITY & GUARANTY LIFE INSURANCE COMPANY, | )    Case No.: 1:15-cv-00980 LJO JLT |
| 12 | ) <br> )    FINDINGS AND RECOMMENDATIONS |
|        Plaintiff, | )    DISMISSING THE ACTION FOR PLAINTIFF'S |
| 13 | )    FAILURE TO PROSECUTE AND FAILURE TO |
|        v. | )    OBEY THE COURT'S ORDERS |
| 14 | ) |
| LESLIE J. CHANCE, JESSICA BULLMAN, | ) |
| 15 | ) |
|        Defendants. | ) |
| 16 | ) |

17          Fidelity & Guaranty Life Insurance Company initiated this action by filing a complaint in

18   interpleader on June 29, 2015. (Doc. 1)  Fidelity insured the life of Todd Chance, who was murdered

19   on August 25, 2013. Id. at 1-2.  Because the primary beneficiary was implicated, though not charged,

20   in the murder, Fidelity alleges that it is uncertain as to whether the primary beneficiary or the

21   contingent beneficiary should receive the insurance proceeds. (Doc. 1 at 3)

22          The same day Plaintiff filed the complaint, the Court issued summonses to the Defendants—the

23   primary and contingent beneficiaries. (Doc. 3)  However, Plaintiff has failed to file proof of service of

24   the summons and complaint on either defendant.  Thus, on October 1, 2015, the Court ordered Plaintiff

25   to show cause why the matter should not be dismissed for its failure to serve process. (Doc. 6)

26   Nevertheless, Plaintiff failed to respond.  Now, more than 120 days have passed since the filing of the

27   complaint without service and because Plaintiff has failed to respond to the Court's order, the Court

28   recommends the matter be **DISMISSED without PREJUDICE**.

**I.      Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

**II.      Discussion and Analysis**

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff has failed to file proof of serve of the summons and complaint on either defendant and failed to respond to the Court's order to show cause. Likewise, neither Defendant has appeared in the action.  The Court warned Plaintiff that failure to serve the defendants in a timely

fashion "may result in the imposition of sanctions, including the dismissal of unserved defendants." (Doc. 4 at 4)  Further, the Court warned Plaintiff that an action may be dismissed if the party fails to prosecute the action or obey a court order.  Id. at 8.

The warnings to Plaintiff that dismissal would result from noncompliance with the Court's orders satisfy the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.     Findings and Recommendations**

Plaintiff has failed to prosecute this action and failed to comply with the Court's orders dated June 29, 2015 (Doc. 4) and October 1, 2015 (Doc. 6).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1.      This action be **DISMISSED WITHOUT PREJUDICE**; and

2.      The Clerk of Court be DIRECTED to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 14 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).


IT IS SO ORDERED.

Dated:   __**November 12, 2015**__                    _____**/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE

3